UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECCA DRAMIS
BLUMENSTEIN,

    Plaintiff,

v.                                      CASE NO.: 6:20-cv-2059-GKS-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) ("Motion") (Doc. 22). In the Motion, Defendant requests that this action be remanded to the Commissioner of Social Security ("Commissioner") pursuant to sentence six of 42 U.S.C. § 405(g) because "good cause" exists in that "[t]he certified administrative record cannot be completed because the claim file is missing records." (*Id.* at 1–2.)

Accordingly, it is respectfully **RECOMMENDED** that:

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

1.     The Motion (**Doc. 22**) be **GRANTED**.

2.     The decision of the Commissioner be **REMANDED** to the Commissioner under sentence six of 42 U.S.C. § 405(g) for the following reason:

> On remand, the administrative law judge will offer Plaintiff an opportunity for a new hearing and issue a new decision.

3.     The Clerk of Court be **DIRECTED** to enter judgment consistent with this Order and pursuant to Rule 58 of the Federal Rules of Civil Procedure and close the case.  The judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within thirty (30) days of the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.  See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 14, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ENTERED** in Jacksonville, Florida, on September 13, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of Record