UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REBECCA DRAMIS BLUMENSTEIN,**

**Plaintiff,**

v.

Case No: **6:20-cv-2059-GKS-JBT**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

# ORDER

THIS CAUSE comes before the Court upon the Unopposed Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) filed by the Defendant, Commissioner of Social Security (Doc. 22) on September 10, 2021, because "[t]he certified administrative record cannot be completed because the claim file is missing records." (Doc. 22, ¶ 1).

On September 13, 2021, the United States Magistrate Judge issued a Report and Recommendation (Doc. 23) recommending that Defendant's Motion to Remand be granted, and the Commissioner's decision be remanded.

After review and consideration of the Report and Recommendation (Doc. 23), and noting that neither party objects to the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Joel B. Toomey's Report and Recommendation (Doc. 23) is **APPROVED** and **ADOPTED** and is made part of this Order for all purposes, including appellate review.

2. The Motion (Doc. 22) is **GRANTED**.

3. The decision of the Commissioner is **REMANDED** to the Commissioner under sentence six of 42 U.S.C. § 405(g). On remand, the administrative law judge will offer Plaintiff an opportunity for a new hearing and issue a new decision.

4. The Clerk of Court is **DIRECTED** to enter judgment TERMINATE any motions and CLOSE THE CASE.[1]

**DONE AND ORDERED** at Orlando, Florida, this ___7___ day of October, 2021.

G. KENDALL SHARP
**SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record
Unrepresented Parties

---

[1] If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within thirty (30) days of the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 14, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.